IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
Michael F. ROE, Attorney at Law.

Supreme Court

No. 83–092–D. Submitted on briefs October 31, 1983.—
Decided November 30, 1983.
(Also reported in 340 N.W.2d 553.)

For Michael F. Roe the cause was submitted on the briefs of *John H. Schiek* and *Melby & Schiek, S.C.,* Rhinelander.

For the Board of Attorneys Professional Responsibility the cause was submitted on the brief of *John E. Bliss* and *Tinkham, Smith, Bliss, Patterson, Richards & Hessert,* Wausau.

*PER CURIAM. Attorney disciplinary proceeding; attorney's license suspended.*

Michael F. Roe, an attorney licensed to practice in Wisconsin since June, 1977, and who practices in Rhinelander, appeals from Referee James A. Martineau's recommendation that his license be suspended for 90 days for unprofessional conduct, consisting of neglect of two legal matters, lack of adequate preparation in one of them, and repeated failures to respond to board inquiries into grievances filed against him by his clients.

The board's complaint, filed on January 11, 1983, alleged that the appellant never drafted or filed a written

judgment which he had obtained on behalf of his client in the amount of $5,600, thus preventing the client from executing against the judgment debtor, that he failed to respond to 13 letters from his client seeking information in the matter, and that he failed to respond to two board inquiries and failed to keep the board advised of his progress concerning the matter. The complaint also alleged that in another matter the appellant failed to comply with a court scheduling order requiring the exchange of the names of all lay witnesses, which resulted in the dismissal with prejudice of his client's action to recover on a past-due account, and that he failed to return numerous telephone calls from his client and failed to advise the client of the subsequent court of appeals decision affirming the dismissal. A third count alleged that the appellant failed to respond to letters of inquiry from the board concerning a grievance filed by another of his clients concerning an adoption matter.

Following a scheduling conference, the referee ordered the appellant to advise him and board counsel on or before April 4, 1983, whether he was prepared to stipulate to a 90-day suspension of his license in lieu of a hearing in the matter. The appellant did not comply with that order, and, although he was in default for not having timely answered the board's complaint and failed to timely respond to the board's demand to admit served on him on February 9, 1983, the appellant appeared at the April 28, 1983, hearing and served board counsel with a response to the demand and an answer, in both of which he admitted the allegations of unprofessional conduct. The only issue argued at the disciplinary hearing was what would constitute appropriate discipline, the board arguing for the imposition of a six-month suspension and the appellant arguing for a public reprimand.

Following the hearing, the appellant filed a motion to have the matter remanded to the referee on the ground

that there was new evidence and new circumstances, namely, that he had paid $11,350 to his clients for their losses caused by his neglect. The court denied the motion on June 8, 1983, noting that the appellant filed a notice of appeal on May 25, 1983.

The appellant argues that because his misconduct resulted from nonfeasance rather than misfeasance and because he has personally made his clients whole for their losses, discipline should be less severe than the 90-day suspension recommended by the referee. The appellant contends that his neglect of client matters was not habitual, did not establish a continuing course of neglectful conduct, and, therefore, does not merit a suspension of his license. The board argues that the appellant's incompetence and neglect, together with his consistent failure to respond to board inquiries, merit the recommended discipline.

The appellant's unprofessional conduct, constituting violations of SCR 20.32(2) and (3) and 22.07(2), merit discipline more severe than a public reprimand. We are satisfied that the discipline recommended by the referee is appropriate.

IT IS ORDERED that the license of Michael F. Roe to practice law in Wisconsin is suspended for 90 days, commencing January 1, 1984.

IT IS FURTHER ORDERED that Michael F. Roe pay to the Board of Attorneys Professional Responsibility the costs of this disciplinary matter in the amount of $1,900.12 within 60 days of the date of this order, provided that if the costs are not paid within the time specified, the license of Michael F. Roe to practice law in Wisconsin shall be revoked forthwith.